**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

DARRYL BOYKIN,

          Plaintiff,

v.

VITAL RECOVERY SERVICES, INC., a Georgia corporation, and,
LVNV FUNDING, LLC, a Delaware limited liability company,

          Defendants.

---

### COMPLAINT AND JURY DEMAND

---

### <u>JURISDICTION</u>

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.      This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### <u>VENUE</u>

3.      Venue is proper in this Judicial District.

4.      The acts and transactions alleged herein occurred in this Judicial District.

5.      The Plaintiff resides in this Judicial District.

6.      Defendant Vital Recovery Services, Inc. transacts business in this Judicial District.

7.      Defendant LVNV Funding, LLC transacts business in this Judicial District.

### <u>PARTIES</u>

8.      Plaintiff, Darryl Boykin, is a natural person.

9.    The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

10.   The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11.   Defendant Vital Recovery Services, Inc. (hereinafter: "VRS") is a Georgia corporation operating from an address at 3795 Data Drive, Suite 200, Norcross, Georgia, 30092.

12.   VRS's registered agent in the state of Colorado is Colorado Manager, Inc., 13821 Muirfield Circle, Broomfield, Colorado 80023.

13.   VRS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.   VRS is licensed as a collection agency by the state of Colorado.

15.   The principal purpose of VRS is the collection of debts using the mails and telephone.

16.   VRS regularly attempts to collect debts alleged to be due another.

17.   VRS regularly attempts to collect debts alleged to be due another in the state of Colorado.

18.   Defendant LVNV Funding, LLC (hereinafter: "LVNV") is a Delaware limited liability company operating from an address at 625 Pilot Road, Suite 2, Las Vegas, Nevada, 89119.

19.   LVNV's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

20.   LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21.   LVNV is licensed as a collection agency by the state of Colorado.

22. The principal purpose of LVNV is the collection of debts using the mails and telephone.

23. LVNV regularly attempts to collect debts alleged to be due another.

24. LVNV regularly attempts to collect debts alleged to be due another in the state of Colorado.

## FACTUAL ALLEGATIONS

25. Sometime before 2005 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to Citibank / Citgo (hereinafter the "Account").

26. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

27. The Account went into default with the original creditor.

28. LVNV is the business of purchasing delinquent consumer accounts, typically paying no more than five cents on the dollar.

29. LVNV then collects the accounts or hires other entities to collect the accounts.

30. LVNV claims to have purchased the Account.

31. LVNV paid less than five cents on the dollar for the Account.

32. LVNV hired VRS to collect the Account (VRS Account # 014790752).

33. LVNV placed or otherwise transferred the Account to VRS for collection from the Plaintiff.

34. LVNV was acting as a debt collector as to the Account it attempted to collect from the Plaintiff through its agent, VRS.

3

35.   The Account was sent from LVNV to VRS on or about February 2010.

36.   The Account was received by VRS on or about February 2010.

37.   The Plaintiff disputes the Account.

38.   The Plaintiff requests that the Defendants cease all further communication on the Account.

39.   In 2010 the Plaintiff received telephone call(s) and a letter dated March 4, 2010 from the Defendants and / or representatives, employees and / or agents of VRS.

40.   The purpose of these telephone call(s) and the letter dated March 4, 2010 was to attempt to collect the Account.

41.   On or about March 18, 2010 the Plaintiff called VRS in response to the telephone call(s) and the letter dated March 4, 2010.

42.   The telephone call(s) and the letter dated March 4, 2010 conveyed information regarding the Account directly or indirectly to the Plaintiff.

43.   The telephone call(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

44.   The letter dated March 4, 2010 that VRS sent to the Plaintiff on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

45.   The only reason that VRS and / or representatives, employees and / or agents of VRS made telephone call(s) to the Plaintiff was to attempt to collect the Account.

46.   The only reason that VRS and / or representatives, employees and / or agents of VRS had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

47.　　The only reason that VRS and / or representatives, employees and / or agents of VRS received telephone call(s) from the Plaintiff was to attempt to collect the Account.

48.　　The only reason that VRS and / or representatives, employees and / or agents of VRS sent the letter dated March 4, 2010 to the Plaintiff was to attempt to collect the Account.

49.　　During the telephone call on March 18, 2010 VRS and / or a representative, employee and / or agent of VRS attempting to collect the Account represented to the Plaintiff that the Account would always show on his credit report.

50.　　The representation stated in paragraph 49 was false and was a false representation in connection with the collection of a debt, the Account.

51.　　During the telephone call on March 18, 2010 VRS and / or a representative, employee and / or agent of VRS attempting to collect the Account represented to the Plaintiff that the Account would be reported to the credit bureaus until it is paid.

52.　　The representation stated in paragraph 51 was false and was a false representation in connection with the collection of a debt, the Account.

53.　　During the telephone call on March 18, 2010 VRS and / or a representative, employee and / or agent of VRS attempting to collect the Account represented to the Plaintiff that his dispute of the Account had to be in writing.

54.　　The representation stated in paragraph 53 was false and was a false representation in connection with the collection of a debt, the Account.

55.     The telephone call on March 18, 2010 was an attempt to collect the Account.

56.     This telephone call on March 18, 2010 conveyed information regarding the Account directly or indirectly to the Plaintiff.

57.     This telephone call on March 18, 2010 constituted a "communication" as defined by FDCPA § 1692a(2).

58.     The unknown collector on the March 18, 2010 telephone call was an employee of VRS at the time of this telephone call with the Plaintiff.

59.     The unknown collector on the March 18, 2010 telephone call was an agent for VRS at the time of this telephone call with the Plaintiff.

60.     The unknown collector on the March 18, 2010 telephone call was acting within the course of her employment with VRS at the time of this telephone call with the Plaintiff.

61.     The unknown collector on the March 18, 2010 telephone call was acting within the scope of her employment with VRS at the time of this telephone call with the Plaintiff.

62.     The unknown collector on the March 18, 2010 telephone call was under the direct supervision of VRS at the time of this telephone call with the Plaintiff.

63.     The unknown collector on the March 18, 2010 telephone call was under the control of VRS at the time of this telephone call with the Plaintiff.

64.     The unknown collector on the March 18, 2010 telephone call's actions in the telephone call with the Plaintiff are imputed to her employer, VRS.

65.  VRS kept written documentation and / or computer note(s) that document that its representative(s), employee(s) and / or agent(s) had a telephone conversation with the Plaintiff on or about March 18, 2010 on the Account.

66.  The Defendant recorded this telephone call on or about March 18, 2010.

67.  The Defendant has a copy of the recording of this telephone call on or about March 18, 2010.

68.  The statements and actions were undertaken by the Defendants and VRS's representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

69.  The Defendants and VRS's representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

70.  The Defendants and VRS's representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(5), e(8), e(10) and e(11).

71.  The Defendants and VRS's representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

72.  The Defendants' statements and actions as well as that of VRS's representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

73.   The Defendants' statements and actions as well as that of VRS's representatives, employees and / or agents were willful and intentional violations of the FDCPA.

74.   LVNV has derivative liability for the acts and omissions of VRS and the representatives, employees and / or agents of VRS.

75.   As a consequence of the Defendants' collection activities and communications, the Plaintiff has sustained actual damages.

## **RESPONDEAT SUPERIOR**

76.   The representative(s) and / or collector(s) at VRS were employees of VRS at all times mentioned herein.

77.   The representative(s) and / or collector(s) at VRS were agents of VRS at all times mentioned herein.

78.   The representative(s) and / or collector(s) at VRS were acting within the course of their employment at all times mentioned herein.

79.   The representative(s) and / or collector(s) at VRS were acting within the scope of their employment at all times mentioned herein.

80.   The representative(s) and / or collector(s) at VRS were under the direct supervision of VRS at all times mentioned herein.

81.   The representative(s) and / or collector(s) at VRS were under the direct control of VRS at all times mentioned herein.

82.   The actions of the representative(s) and / or collector(s) at VRS are imputed to their employer, VRS.

83.    As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## RESPONDEAT SUPERIOR

84.    The representative(s) and / or collector(s) at VRS were representatives of LVNV at all times mentioned herein.

85.    VRS and its representative(s), employee(s) and / or collector(s) were agents of LVNV at all times mentioned herein.

86.    LVNV's representative(s) and / or collector(s) including VRS were acting within the course of their employment with LVNV at all times mentioned herein.

87.    LVNV's representative(s) and / or collector(s) including VRS were acting within the scope of their employment with LVNV at all times mentioned herein.

88.    LVNV's representative(s) and / or collector(s) including VRS were under the direct supervision of LVNV at all times mentioned herein.

89.    LVNV's representative(s) and / or collector(s) including VRS were under the direct control of LVNV at all times mentioned herein.

90.    The actions of LVNV's representative(s) and / or collector(s) including VRS are imputed to their employer, LVNV.

91.    As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

92.    The previous paragraphs are incorporated into this Count as if set forth in full.

93.    The acts and omissions of the Defendants and VRS's representative(s),

employee(s) and / or agent(s) constitute numerous and multiple violations of the

FDCPA, including but not limited to § 1692d preface, d(2), § 1692e preface,

e(2)(A), e(5), e(8), e(10), e(11) and § 1692f preface.

94.    The Defendants' violations are multiple, willful and intentional.

95.    Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages,

statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.    Actual damages under 15 U.S.C. § 1692k(a)(1).

2.    Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3.    Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson____ _____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff